**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIZHONG CHEN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73731

Agency No. A099-898-443

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Shizhong Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' denial of his application for asylum. Chen seeks

relief based on his wife's forced abortion and sterilization, and his "other

resistance" to China's family planning policies. Although Chen fled to the United

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

States, his wife remains in China. The Board concluded that his spouse's forced abortion and sterilization did not per se establish that Chen himself had been persecuted, and that he otherwise failed to prove that his treatment rose to the level of persecution. We review questions of law de novo, *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010), and we review the Board's determination that Chen failed to establish eligibility for asylum for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). We deny the petition for review.

Relying on our decision in *Jiang*, 611 F.3d at 1094, Chen argues for a per se rule that the forced abortion and sterilization of an asylum applicant's spouse are conclusive proof that the applicant was persecuted. Chen misreads *Jiang*. While a forced sterilization or abortion inflicted on an applicant's spouse can serve as evidence that the applicant himself or herself was persecuted, it is merely one factor among many to determine whether the mistreatment of the applicant rose to the level of persecution. *See Jiang*, 611 F.3d at 1094 ("[A]pplicants may 'present proof, of which their spouse's treatment *may be a part*, of persecution . . . .'" (quoting *Matter of J-S-*, 24 I. & N. Dec. 520, 535 (BIA 2008))). Here, the word "proof" is used as a synonym for "evidence" rather than meaning "conclusive proof." *See id.* at 1097 ("Under *J–S–*, a spouse of an individual who has undergone forcible abortion or sterilization may present proof of such treatment *to evidence*

2

*persecution*.") (emphasis added); *see also* BLACK'S LAW DICTIONARY 1251 (8th ed. 2004).

To the extent that Chen challenges the Board's determination that he did not establish past persecution, his appeal also fails. Whether Chen has established past persecution is evaluated by looking at the totality of the circumstances. *Jiang*, 611 F.3d at 1095. Other than the forced abortion and sterilization imposed on his wife, Chen alleged no other "circumstances" showing that he suffered persecution. To the contrary, Chen testified that aside from these incidents, neither he nor his wife ever had any problems with Chinese authorities. Although the treatment of Chen's wife is extremely "disturbing and regrettable," *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), the record does not "*compel*[] the conclusion" that Chen himself suffered past persecution, *Gu*, 454 F.3d at 1018; *see also Jiang*, 611 F.3d at 1095-96.

**PETITION FOR REVIEW DENIED.**